Curia, per

Dunkin, Ch.
This Court concurs generally in the views presented by the Chancellor. It is deemed necessary only to add a word in explanation of the reason for restricting the claim of interest.
The intestate died in 1841. In February, 1844, a settlement was made with the distributees, under the advice and direction of the Ordinary. “ There is no doubt.” says the Chancellor, “ of the bona Jides of the transaction.” If the complainants had been sui juris, and had been parties to this settlement, they would probably have been barred from impeaching it after an acquiescence of more than four years. But they were not bound, and are not precluded by the erroneous view taken by the Ordinary. It does not follow, however, that they are entitled to recover interest. After distribution of an estate, an unsatisfied creditor may recover his demand from the distributees or legatees who have received their proportions. But in such case the refunding party is never charged with interest. Such is declared to be “ the rule of the Court” by Lord Eldon in Gittins v. Steele.
In this case the administrators are also among the distri-butees. They are made responsible for interest, until the settlement in 1844. After that time they may very well have treated the shares allotted to them as their own. No demand was made until 17th May, 1848, and we think that, in any view, they fall within the equity of the rule declared in Gittins v. Steele.
The decree of the Circuit Court is affirmed, and the appeal is dismissed.
The whole court concurred.

Decree affirmed.